**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3134
_____

EVANS FANOR,
                              Appellant
v.

UNIVERSITY HOSPITAL - UMDNJ;
JANE BLOMSTROM, Individually and in her capacity as Absentee
Coordinator for University Hospital

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:16-cv-00320)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2026
Before: HARDIMAN, FREEEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 10, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Evans Fanor appeals pro se from the District Court's order granting summary judgment to the remaining defendant on Fanor's remaining claim. We will affirm.

Fanor worked as a patient representative with University Hospital in Newark, New Jersey. He submitted paperwork to University Hospital in early November 2013 requesting leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for the period of January 2 through May 30, 2014, in order to manage his diabetes, undergo knee surgery, and recover. On November 19, 2013, before any leave had been approved, Fanor did not report to work as scheduled for many days. Fanor then received a letter from University Hospital administrator Jane Blomstrom, warning Fanor that failure to either substantiate his absences with doctors' notes by January 3, 2014, or return to work, would be deemed a voluntary resignation.

Fanor reported to work at University Hospital on January 3, 2014, and he suffered a serious injury when he fell outside the hospital after his shift was completed. Fanor received back surgery the following day. The surgeon advised Fanor's supervisors that Fanor would likely require several months of leave to recuperate from the injury, and that Fanor would be preparing another FMLA leave request. On January 28, 2014, Fanor's supervisor at University Hospital sent him a letter that he was terminated, effective January 27, 2014, for failure to abide by attendance policies and failure to provide documentation to support his absences in November and December 2013.

Fanor filed a pro se complaint in the District Court against University Hospital and Blomstrom. He raised claims under the FMLA and New Jersey Law. The District Court

granted the defendants' motion to dismiss one of Fanor's claims and granted their later motion for summary judgment on the other claims. Fanor appealed, and we affirmed the District Court's judgment on the claims it had adjudicated. *See Fanor v. Univ. Hosp.-UMDNJ,* No. 20-3611, 2022 WL 3754524, at *1–2 (3d Cir. Aug. 30, 2022) (per curiam). But we vacated and remanded for the District Court to consider "an FMLA-interference claim," against University Hospital only, "based on Fanor's attempt to invoke his right to leave after the fact of his slip-and-fall and before the fact of his termination weeks later." *Id.* at *2. We noted that, to recover on this remaining claim, "Fanor must prove the existence of an FMLA violation *and* resulting damages; i.e., that he lost his job and suffered any other compensable injuries *because* of his attempted exercise of FMLA rights." *Id.* at *4 (citations omitted).

On remand, University Hospital moved for summary judgment on the grounds that Fanor could not show damages for the remaining claim because he would have been unable to return to work at the end of twelve weeks of FMLA leave. The Social Security Administration, in awarding Fanor benefits, had deemed him disabled as of January 3, 2014. And in state disability applications and personal injury lawsuits, Fanor stated that he would still have been unable to return to work as late as 2017. The District Court granted the motion for summary judgment, concluding that Fanor could not show damages, as Fanor had admitted that he could not have returned to work following twelve weeks of FMLA leave. This appeal ensued.

3

We have jurisdiction under 28 U.S.C. § 1291.  By failing to brief the issue, Fanor has forfeited any challenge to the District Court's determination that he failed to establish damages.  *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief).

To the extent that Fanor challenges the District Court's ruling at all, it appears that he intends to raise an argument that the District Court failed to adhere to our mandate and that the law-of-the-case doctrine precludes a grant of summary judgment to University Hospital on the remaining claim.  But we did not actually decide in the prior appeal whether that claim would survive summary judgment, nor did we mandate that the claim go to trial.  *See In re Wawa, Inc. Data Sec. Litig.*, 141 F.4th 456, 470 (3d Cir. 2025) (explaining that the mandate binds the lower court and the parties to issues that were actually discussed and decided); *Africa v. City of Philadelphia*, 158 F.3d 711, 718 (3d Cir. 1998) ("The law of the case doctrine . . . preclude[s] review of only those legal issues that the court in a prior appeal actually decided.").  Indeed, as discussed above, in the prior appeal we expressly noted that Fanor was required to "prove the existence of an FMLA violation *and* resulting damages" for the remaining claim.  *Fanor*, 2022 WL 3754524, at *4.

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] Having previously affirmed the District Court's rulings on Fanor's other claims, we will not revisit Fanor's arguments about those claims on appeal here.  *See Fanor*, 2022 WL 3754524, at *1–4.

4